## COMMONWEALTH *vs.* GEORGE H. BUNDY.

The fee of the attorney for the Commonwealth, to be "taxed and allowed as part of the costs in each case, where a fine is imposed under" *St.* 1855, *c.* 215, is not to be taxed in a case in which the defendant, after conviction and sentence before a justice of the peace, is acquitted on appeal.

COMPLAINT to a justice of the peace for a sale of intoxicating liquors in violation of *St.* 1855, *c.* 215, § 15. The justice convicted the defendant, and sentenced him to pay a fine of ten dollars and costs of prosecution, and, as part of said costs, taxed and allowed ten dollars for the attorney who appeared for the Commonwealth at the trial before him.

The defendant appealed to the court of common pleas, and was there acquitted. The district attorney disallowed said item of ten dollars, and *Sanger*, J. overruled a motion to have it allowed, and the attorney who appeared for the Commonwealth before the justice alleged exceptions.

*F. A. Kingsbury*, for the attorney.

*J. M. Keith*, (District Attorney,) for the Commonwealth.

BY THE COURT. The provision of the statute is this : " Ten dollars, attorney's fee, to be paid to the attorney who appears for the government, shall be taxed and allowed as part of the costs in each case, when a fine is imposed under this act." *St.* 1855, *c.* 215, § 15. The statute was designed to allow ten dollars, when the fine was imposed, because in that case the costs were to be paid by the defendant, and constituted part of the punishment. But the appeal vacated the judgment which imposed the fine ; and the defendant having been acquitted upon his trial on the appeal, no fine was ultimately imposed, and therefore the allowance of an attorney's fee was not within the statute.

*Exceptions overruled*